SAMUEL, Judge.
The decedent herein left a last will and testament dated December 16, 1965 and two codicils thereto dated January 9, 1966 and October 17, 1966, all of which were probated in his succession. This litigation is not concerned with the first codicil. It involves only the disposition of the usu-fruct and ownership of a piece of immovable property located at 5037 Danneel Street in the City of New Orleans, property mentioned in the will and the second codicil but not in the first codicil.
The will left legacies to several individuals. Plaintiff and defendant in this suit, Mrs. H. W. Michel and Mrs. Mabel Smith Johnson, were among those special legatees. Mrs. Michel was given $5,000 and the “usufruct during her lifetime in and to the property bearing Municipal No. 5037 Danneel Street”. Mrs. Johnson was given a lodge in St. Tammany Parish together with most of its contents, a piece of immovable property on General Taylor Street in New Orleans, an automobile and $4,000, all “in appreciation for the faithful attention and service” she had rendered to the decedent’s sister during the latter’s last illness. The residue of the estate was left to all the named legatees, share and share alike. Thus under the provisions of the will Mrs. Michel was given the usufruct for life of 5037 Danneel Street and all of the legatees, including Mrs. Johnson, were given the naked ownership of that property subject to Mrs. Michel’s usufruct.
In pertinent part the second codicil provided: “I will and bequeath to Mrs. Mabel Smith Johnson 5037 Danneel & Joseph”. Although Joseph Street apparently does not cross Danneel Street in the 5000 block of the latter, no contention has been made in this court that the property described in the codicil provision just quoted is not the same property on which the will gave Mrs. Michel the usufruct; that question appears to have been settled in other proceedings in this succession, and accordingly we accept as a fact that it is the same property.
In due course following the death of the decedent his executors transferred 5037 Danneel Street to Mrs. Johnson. Subsequently this suit was instituted by Mrs. Michel against Mrs. Johnson seeking a de *598 claratory judgment decreeing that the usufruct of 5037 Danneel Street given to Mrs. Michel in the will was not disturbed by the subsequent codicil bequest of the ownership of that property to Mrs. Johnson and that the latter is not entitled to possession thereof until such time as the usufruct is extinguished or terminated. After trial there was judgment in favor of plaintiff and against defendant as prayed. Mrs. Johnson has prosecuted this appeal from that judgment.
In this court, as she did in the trial court, appellant makes two contentions: (1) the pertinent second codicil provision was in conflict with and superseded the usufruct provision of the will; and (2) in the alternative, if the usufruct did continue to exist despite the codicil provision, either it has been extinguished or Mrs. Michel cannot prosecute her action because she has not qualified as usufructuary in that she has failed to cause an inventory to be made, to post bond, to keep the property properly insured, to make repairs and to pay taxes on the property, all as required by LSA-C.C. Arts. 557, 558, 567, 571 and 578 and all constituting grounds for the extinction of the usufruct. In this court appellant has filed an exception of no cause of action based on her alternative contention.
Appellee argues that insofar as the same may be possible, because the will and the codicil should be read together as one instrument and because the provisions of both should be harmonized so as to give effect to every provision of each instrument, absent a clear revocation of the usufruct bequest contained in the will, the codicil bequest to Mrs. Johnson should be interpreted so as to give her only the naked ownership of the property in question without disturbing the will bequest of the usufruct of the property to Mrs. Michel.
The record discloses the following facts: The testator died December 4, 1966 at the age of 88 years and this suit for a declaratory judgment was filed November 30, 1967. Plaintiff, Mrs. Michel, was the decedent’s sister-in-law; Mrs. Johnson was not related to the decedent in any way. Mrs. Michel resided in the premises here involved, 5037 Danneel Street, and while the testator was living she paid him rent for those premises at the rate of $60 per month. After the death of the testator’s sister in 1964 or 1965, at which time Mrs, Johnson was living in the Napoleon Avenue home occupied by the testator and his sister whom she had taken care of, she and the testator continued to live in that home and she took care of the testator. During the last year of his life the testator was an invalid. With the exception of the time she spent at her regular employment, when a sitter stayed with Mr. Michel, and some 56 days during which the testator was hospitalized, Mrs. Johnson stayed with the testator the entire time before the sitter arrived and after she left, keeping up the house in all respects and taking care of all of his physical needs such as bathing, serving and feeding him. She also spent comparable time with him during his hospitalization. Other than the bequests to her in the codicil and the will she received no remuneration for the services rendered by her to the testator or to his sister.
The record also discloses that, although she discontinued paying rent, the plaintiff has not caused an inventory to be made, posted bond, kept the property insured, made repairs or paid taxes; the defendant attended to these matters.
We agree with appellant’s first contention, that the codicil provision is in conflict with and supersedes the usufruct provision of the will. Civil Code Articles pertinent to the question are Articles 1712, 1715 and 1693, which read as follows:
“In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.” LSA-C.C. Art. 1712.
*599 “When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.” LSA-C.C. Art. 1715.
“Posterior testaments, which do not, in an express manner, revoke the prior ones, annul in the latter only such of the dispositions therein contained as are incompatible with the new ones, or contrary to them, or entirely different.” LSA-C.C. Art. 1693.
Most of the argument before this court has concerned itself with the testator’s intention. As we have said, in the will he left the usufruct of the property in question to Mrs. Michel and the naked ownership of that property to all the special legatees ; in the codicil he left the property to Mrs. Johnson. The exact question presented is whether, by the codicil bequest, he intended to make a new and different disposition only of the naked ownership of the property, thus leaving undisturbed the usufruct bequest contained in the will, or whether he intended to make a new and unconditional disposition of the entire property, i.e., to give the same to Mrs. Johnson in fee simple. Something can be said for each side of this argument as to intention; but all of it would be speculation.
Under the Civil Code Articles quoted above, the intention of the testator must principally be ascertained in the interpretation of testamentary disposition; but in ascertaining such intention we cannot depart from the proper signification of the testamentary terms; and even where posterior testaments do not in express terms revoke prior ones, they do annul in the prior testaments such dispositions as are incompatible with the new ones, contrary to them or entirely different.
In the instant case we are satisfied that it would be improper for us to speculate on the question of the testator’s intention. For, although on the one hand he did not expressly revoke the usufruct provision in the will nor on the other did he restrict the codicil bequest to only the naked ownership, the codicil provision is clear and admits of only one interpretation. When the testator said “I will and bequeath to Mrs. Mabel Smith Johnson 5037 Danneel and Joseph”, he stated in plain and unequivocal language that he gave the property in its entirety, i.e., by complete and unconditional title, to the named legatee. This is the usual and customary manner in which to express a complete and unconditional disposition of title. The codicil disposition certainly is entirely different from, contrary to and incompatible with the usufruct bequest to Mrs. Michel in the will and must prevail over that usufruct bequest.
Having agreed with appellant’s first contention it is unnecessary for us to decide or consider her second and alternative contention.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Mrs. Mabel Smith Johnson, and against the plaintiff, Mrs. H. W. Michel, decreeing that the usufruct provided for in the will of the decedent, Edward Harrison Michel, in favor of the plaintiff has been superseded and revoked by the second codicil bequest of the ownership of the property on which the usufruct was so given and that the defendant, Mabel Smith Johnson, be recognized as the sole and only owner at law of said property, which property is described as follows:
“A certain lot of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, situated in the Sixth District of this City, in the square bounded by Son-iat, Robert, Danneel (Formerly South Rampart) and Saratoga Sts. being square 494, (formerly 74) said lot measuring thirty-one feet, three inches front on Danneel St. by a depth and front on *600 Soniat St. of one hundred and seventeen feet, and six inches, and is designated by the letter “A”, as per survey made by C. U. Lewis, Deputy City Surveyor, dated January 15, 1906, annexed to the inventory in the Succession of Auguste D. Duprat, taken by Joseph Sinai, Notary, January 22, 1906; said lot forming the corner of Danneel and Soniat Sts. Said property bears Municipal Number 5037 Danneel Street.
Being the same property acquired by Edward H. Michel from Real Homes, Inc. by Act before Selim B. Lemle on December 23, 1929, as registered in C.O.B. 446, Folio 573 on 12-26-1929.”
All costs in both courts are to be paid by the plaintiff, Mrs. H. W. Michel.
Reversed.